H. F. STRAIGHT, APPELLEE, v. JOHN COLEMAN, APPELLANT.

FILED OCTOBER 21, 1911. No. 16,936.

1. Sales: EVIDENCE. Evidence examined, and found sufficient to sustain the judgment of the district court.

2. ———: INSTRUCTIONS. Instructions considered and approved.

3. Trial: DIRECTING VERDICT. Where the plaintiff's evidence in an action at law tends to establish every fact which he is required to prove to entitle him to a verdict, and reasonable men might differ, upon a consideration of all of the evidence, as to whether all of the necessary facts were established, the trial court should refuse to direct a verdict for the defendant.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE. Affirmed.

Frank A. Berry and Frederick S. Berry, for appellant.

W. P. Rooney, C. A. Kingsbury and C. H. Hendrickson. contra.

BARNES, J.

Action in the district court for Wayne county to recover the purchase price of a mare, sold by the defendant to the plaintiff, on account of false representations. It was alleged in the plaintiff's petition that, in order to induce him to purchase the animal in question, the defendant represented that it was broke to drive and safe to work, and would not kick in harness if certain precautions were used, upon which representations it was alleged that the plaintiff relied. Defendant, by his answer, admitted the sale of the animal for the price alleged in the petition, and denied all of the other allegations contained therein. The cause was tried to a jury, the plaintiff had the verdict and judgment and the defendant has appealed.

It is contended that the verdict is not sustained by the evidence. It appears from the abstract and bill of exceptions that the defendant, in order to induce the plaintiff to purchase the animal, made the representations to him substantially as stated in his petition. This fact was established by the evidence of the plaintiff and his wife, who was present at the time the representations in question were made. Indeed, the defendant does not seriously dispute the plaintiff's evidence, but insists that it was not shown that his statements were relied upon by the purchaser. On this point, it seems clear that but for those statements the plaintiff would not have made the purchase.

It further appears that on the day following the sale the plaintiff and his son attempted to use the animal in question, with another horse, in running a disc harrow; that he used the precautions specified, as he had been instructed to do by the defendant; that in attempting to use her she kicked over the tongue of the machine, and was so vicious and intractable that the plaintiff was unable to use her at all for that purpose; that on the second day thereafter he attempted to drive her to a double

wagon; that he carried out the defendant's instructions to the letter, but the animal kicked so frequently and violently that he was unable to make use of her for that or any other purpose; that thereupon he immediately returned her to the defendant, and demanded repayment of the purchase price, which was refused; that he left the animal in the defendant's barn, and thereupon commenced this action. It therefore seems clear that the plaintiff's evidence, if believed by the jury, was sufficient to sustain the verdict.

Defendant's second contention is that the court erred in refusing to give instruction No. 1, requested by him, which was, in substance, that there was no evidence before the jury showing that the plaintiff relied upon the representations made by the defendant. This instruction was properly refused, because, as above stated, it seems clear from the evidence describing the entire transaction that plaintiff would not have purchased the horse but for the representations above mentioned.

Defendant's third contention is that the court erred in giving paragraph numbered 3 of his own instructions. By that instruction the court informed the jury, in substance, that the burden of proof was upon the plaintiff to establish by a preponderance of the evidence that in making the sale of the horse in question to the plaintiff, and to induce the plaintiff to purchase the same, the defendant made the representations as specified in paragraph one of the instructions (which stated the issues as made by the pleadings); that the plaintiff relied on them, and believed them to be true, and that said representations were false; that plaintiff returned the horse to the defendant; and the jury were further told that if they should find from the preponderance of the evidence that defendant did make such representations to the plaintiff, and the plaintiff relied upon and believed the same to be true, and was thereby induced to purchase said horse, and that said representations were false, and that said horse was not as represented, and that plaintiff returned the

horse to the defendant, then the plaintiff would be entitled to recover, and the fact that the defendant refused to receive the horse and return the money would not defeat the plaintiff's right of action. So far as we are able to ascertain, this instruction was correct, and fairly submitted the matters in controversy to the jury.

Finally, it is contended that the court erred in overruling the defendant's motion to instruct the jury to return a verdict for him at the close of the evidence. From what has heretofore been said, it is apparent that the court properly refused to give this instruction.

After a careful examination of the record, we are of opinion that the defendant had a fair and impartial trial, and, finding no error therein, the judgment of the district court is

AFFIRMED.